IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHUNARIS D. GRANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:17cv43-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on Chunaris D. Grant's *pro se* motion for relief under 28 U.S.C. § 2255. *Civ. Doc. # 1*.[1] Grant challenges the district court's judgment revoking his supervised release and sentencing him to 21 months' imprisonment.

### I.   BACKGROUND

In October 2012, Grant pled guilty under a plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). *Crim. Doc. # 20*. In February 2013, the district court sentenced Grant to 27 months in prison followed by three years of supervised release. *Crim. Doc. # 29*. Grant did not appeal the conviction or sentence.

Grant began supervised release in July 2014. *See Crim. Doc. # 36*. In November 2015, the United States Probation Office filed a petition for revocation of Grant's supervised release, alleging violations that included Grant's unlawful use of controlled

---

[1] References to document numbers are to the pleadings, motions, and other materials in the court file, as designated by the Clerk of Court on the docket sheet in this civil action ("*Civ. Doc. #*") and in the underlying criminal case ("*Crim. Doc. #*"), Criminal Case No. 2:12cr144-MHT.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

substances and his failure to follow the instructions of his probation officer. *Crim. Doc. # 90.* A revised petition for revocation of Grant's supervised release, which alleged additional violations, was filed on February 23, 2016. *Crim. Doc. # 106.*

On July 13, 2016, the district court held a supervised release revocation hearing on the allegations in the revocation petitions. *Crim. Doc. # 131.* At that hearing, Grant, represented by counsel, pled guilty to one of the alleged violations, unlawful use of a controlled substance, and "no contest" to three other alleged violations based on his commission of additional state or federal crimes and his possession of a firearm. *Id.; see also Crim. Doc. # 106.* The district court revoked Grant's supervised release, and on July 15, 2016, the court entered a revocation judgment sentencing Grant to 21 months in prison and one year of supervised release. *Crim. Doc. # 132.* Grant did not appeal the judgment.

Grant filed this § 2255 motion on January 17, 2017. *Civ. Doc. # 1.* In his § 2255 motion, Grant asserts allegations of ineffective assistance of counsel against the lawyer who represented him in the supervised-release revocation proceedings. *Id.* at 1; *see also Civ. Doc. # 2.*

According to this court's records, Grant subsequently served out his term of imprisonment and was released from federal incarceration. *See Crim. Doc. # 136.* He began serving his one-year term of supervised release on his revocation sentence on September 1, 2017. *Crim. Doc. # 137* at 1.

Grant was scheduled to complete his term of supervision on August 31, 2018. *Crim. Doc. # 137* at 1. However, he was convicted by a jury in the Lowndes County, Alabama Circuit Court on April 19, 2018 for shooting into an occupied vehicle (CC 2016-49); assault

2

in the second degree (CC 2016-50); and leaving the scene of an accident with injuries (CC 2016-51). *Id*. On May 2, 2018, the state trial court sentenced Grant as a habitual offender to 40 years in prison for shooting into an occupied vehicle; 40 years in prison for assault in the second degree; and 30 years in prison for leaving the scene of an accident with injuries. *Id*. The sentences imposed in CC 2016-49 and CC 2016-50 were ordered to run concurrently with each other and consecutive to CC 2016-51. These state offenses formed the basis for Grant's federal revocation hearing on July 13, 2016, and were pending when his supervised release was revoked. *Id.*

On February 28, 2019, the district court entered an order terminating Grant's remaining term of supervised release on his revocation sentence, retroactive to April 19, 2018, the date of his state convictions in the Lowndes County Circuit Court. *Crim. Doc. # 138* at 2. Thus, Grant is no longer incarcerated on his revocation sentence, and he is no longer subject to supervision by the United States Probation Office.

## II.  DISCUSSION

Under Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477–78 (1990). The case-or-controversy requirement means that parties "must continue to have a personal stake in the outcome" through all the stages of judicial proceedings, trial and appellate. *Id*…Title 28 § 2255 offers relief only to "[a] prisoner in custody." 28 U.S.C. § 2255(a); *see also* 9 A.L.R.3d 462 § 3 ("Since a motion to vacate a sentence under 28 U.S.C.A. § 2255 can be maintained only to attack a sentence under which a prisoner is in custody, the case is moot insofar as a § 2255 proceeding is

3

concerned" where the prisoner has been released from custody). "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). However, once a prisoner is released from incarceration and is no longer being supervised, his habeas petition no longer presents a live case or controversy and the case becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998).

Here, when Grant filed his § 2255 motion in January 2017, he was in federal custody and his motion was viable. Since then, however, Grant has been released from federal custody, and he is no longer subject to supervision by the United States Probation Office. While an incarcerated inmate's challenge to the validity of his incarceration satisfies the "case-or-controversy" requirement, the suit becomes moot upon the inmate's release from prison, unless he or she can demonstrate some "collateral consequence" that persists beyond the expiration of the sentence and is "likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7.

In *Spencer*, the petitioner appealed the district court's revocation of his parole for violating its terms. 523 U.S. at 8. The Supreme Court required the petitioner to demonstrate collateral consequences adequate to meet Article III's injury-in-fact requirement, finding that while "it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences,' [t]he same cannot be said of parole revocation." *Id*. at 12 (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)). Although *Spencer* addressed collateral consequence in the realm of parole revocations, courts have held that the same rule applies to a wide range of similar circumstances, including the revocation of

4

supervised release. *See e.g., United States v. Meyers*, 200 F.3d 715, 721 n.2 (10th Cir.2000) ("This court can discern no relevant differences between parole and supervised release which would militate against the applicability of *Spencer*"); *United States v. Clark*, 193 F.3d 845, 847–48 (5th Cir. 1999) (applying *Spencer* and dismissing as moot a challenge to the district court's extension of supervised release); *United States v. Probber*, 170 F.3d 345, 348–49 (2d Cir.1999) (applying *Spencer* and dismissing as moot a challenge to the revocation of supervised release); *United States v. Ebersole*, 263 F. App'x 251, 254–55 (3d Cir. 2008) (same); *United States v. Duclos*, 382 F.3d 62, 65–68 (1st Cir. 2004) (same); *United States v. Kissinger*, 309 F.3d 179, 181–82 (3d Cir. 2002) (holding *Spencer* applies to parole revocations).

As stated above, Grant has been released from federal custody under his revocation sentence, and he is no longer subject to supervision by the United States Probation Office. This court can discern no collateral consequences resulting from Grant's supervisedrelease revocation that satisfies Article III's "injury in fact" requirement. Because this court can no longer afford Grant the primary relief requested in his § 2255 motion and Grant demonstrates no collateral consequences resulting from his supervised release revocation, Grant's § 2255 motion has become moot and should therefore be dismissed.

### III.   CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Grant's § 2255 motion be DISMISSED as moot.

It is further

ORDERED that on or before April 16, 2019, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 2nd day of April, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge